UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20916-CR-GRAHAM

UNITED STATES OF AMERICA,     :
                              :
vs.                           :
                              :
HELIO CASTRONEVES and         :
KATIUCIA CASTRONEVES, et al.  :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

**DEFENDANTS KATIUCIA AND HELIO CASTRONEVES'
MOTION FOR RULE 15 DEPOSITIONS AND LEAVE TO SUPPLEMENT**

The court's scheduling order requires that defendants file all Rule 15 motions by December 15, 2008, in anticipation of a potential hearing on January 5, 2009.

Defendants are in the process of reviewing the discovery provided by the government in response to the Standing Discovery Orders.  Thus far, the government has filed six responses to the Standing Discovery Order on the following dates: 10/17/08, 11/07/08, 11/14/08, 11/17/08, 12/03/08, and 12/09/08 (last week).  The discovery contains approximately 180,000 documents, much of which relates to complicated tax accounting issues.

The indictment generally alleges a tax evasion scheme but does not specify all of the alleged "acts of evasion" upon which the government intends to rely.  While the government generally alleges that the "adjusted gross income" of defendant Helio Castroneves was understated on his I.R.S. 1040 return, the indictment does not

particularize the items of income the government claims were omitted; nor does it identify the deductions that the government claims were invalid.  Last week, defense counsel conferred with the prosecutor, who has provided some guidance on this point, but we are awaiting further particularization.[1]

Based on what appears in the indictment (set forth in the conspiracy count), defendants may need to present testimony of foreign witnesses, outside the subpoena power of the United States, for example: the Brazilian attorney (Leite Correa) who formed Seven Promotions Corporation, a Panamanian company that the government alleges was the entity through which the defendants committed the tax evasion; the directors and/or shareholders of Seven Promotions Corporation (*e.g.,* Antonio Samudio, Dalys Donoso, Ana Luisa Castro Novey, and Aleida Cecilia Castro Novey) who reside outside the United States (Panama); a representative of Brickdale Financial Corp., a foreign company, named as a transitory director of Seven Promotions, Corporation; representatives (*e.g.*, Niels Teves) of Fintage Licensing B.V., a Netherlands company holding the funds that the government alleges should have been taxed; representatives (e.g., Adir Assad, Joao Cunha Neto) of Coimex International SA, a Brazilian company named in the indictment whose sponsorship

---

[1]  Defendants are attempting to resolve this issue with the government to avoid the need for filing a motion for bill of particulars.

payments the government claims were not accurately reflected in Helio Castroneves' tax returns.

Insofar as the court allows the government to pursue the theory – not explicitly set forth in the indictment – that Helio's tax returns reflect invalid deductions, then additional foreign witnesses are likely to possess exculpatory testimony.  As one example, the government has informally advised defense counsel that the government will challenge deductions for payments to Helio's father, who resides in Brazil. Accordingly, defendants may need to depose Brazilian witnesses to testify as to the reasons for (and hence deductibility) of the payments.

Defendants are not in a position to make final decisions on who will testify in the defense case.  Defendants have not completed their review of the 180,000 documents, nor has the government provided a witness or exhibit list, so the defense is still attempting to glean from the discovery who the government will present at trial.

In addition, defendants have not had a meaningful opportunity to confer with attorne David Garvin, who has been in trial before Judge Lenard since receipt of the discovery.  Mr. Garvin is the attorney most familiar with the tax issues and the prospective defense witnesses: pre-indictment he retained the accountants and potential expert witnesses, and he traveled to Brazil pre-indictment to interview

3

several people having knowledge of the relevant facts.  Defendants cannot make an informed decision whom to call as defense witnesses without Mr. Garvin's input.

Judge Lenard's trial will be in recess beginning December 19, at which time Mr. Garvin will be available to meaningfully participate in substantive defense meetings about the issue of who to depose.  Accordingly, defendants seek leave to supplement this motion by December 24, 2008 with an updated list of witnesses and, if required by the court, more detailed proffers of their expected testimony.

### **Memorandum of Law**

Under exceptional circumstances, Rule 15 authorizes a party in a criminal case to take the deposition of a witness.  *See* Fed. R. Crim. P. 15(a).  Exceptional circumstances, for purposes of taking a Rule 15 deposition, are present when a prospective witness is unavailable for trial and the absence of his or her testimony would result in an injustice.  *See United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993).  Three principal factors guide the decision on whether to grant a Rule 15 deposition: (1) whether the witness is unavailable to testify at trial, (2) whether injustice will result because testimony material to the movant's case will be absent, and (3) whether countervailing factors render taking the deposition unjust to the non-moving party.  *United States v. Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995).  Of these factors, the primary consideration in determining whether a Rule 15 deposition

4

is warranted is the materiality of the proposed testimony, and whether the materiality is such that its absence would result in an injustice. *Drogoul,* 1 F.3d at 1552. Indeed, where the testimony of the witness is crucial to the case and the witness is unlikely to appear, simple fairness requires that the request for a Rule 15 deposition be granted, provided that there are no significant countervailing factors that would make the taking of the deposition unjust. *Id.* "A substantial likelihood of unavailability can be found when the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial, ***or even having declared his willingness to testify cannot be subpoenaed if he changes his mind***." *United States v. Ramos*, 45 F.3d at 1523 (emphasis added).

No doubt that the witnesses outlined in this motion are beyond the subpoena powers of the United States, as they all reside outside of the United States. Defendants have no way to insure that any one of these prospective witnesses will travel to the United States on a date certain to testify at trial. None of them can be compelled to attend "if he [or she] changes his [or her] mind." *See Ramos*, 45 F.3d at 1523.

Each of these witnesses was involved in some aspect of the transactions that are the subject of the prosecution. To be sure, the government has spoken to most of witnesses named above, and knows that each has relevant testimony to present.

Although the government has not yet committed firmly to a position, it appears from informal discussions with AUSA Axelrod that the government will not contest the relevance of the proposed witnesses' testimony.[2]

## Conclusion

Accordingly, defendants move for an order authorizing Rule 15 depositions of foreign witnesses, but seeks leave to supplement the motion by December 24, 2008 with an updated list of prospective witnesses.[3]  By then, defendants will have had an opportunity to meet with counsel to make more informed decisions about who should be deposed as prospective witnesses in the defense case.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Ph.:  (305) 371-6421 –  Fax: (305) 358-2006
E-mail Srebnick@RoyBlack.com

By:     /s/  Howard M. Srebnick
          HOWARD M. SREBNICK, ESQ.
          Florida Bar No. 919063
          Counsel for Katiucia Castroneves

---

[2]  Whether the depositions will be admissible at trial is a separate question which will depend on whether, *at the time of trial*, the witnesses remain unavailable.  *See Drougal*, 1 F.3d at 1554-55.

[3]  AUSA Axelrod advised that he would object to any request for an extension of time to file for Rule 15 depositions.

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2008, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.

By:    /s/  Howard M. Srebnick
       HOWARD M. SREBNICK, ESQ.

7